**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Sandra Rettberg,<br><br>　　　　　Defendant. | No. CR-24-01485-001-TUC-JCH (JR)<br><br>**ORDER** |

Trial is set to begin on September 15, 2025. *See* Doc. 40. Defendant faces one count of conspiracy to transport illegal aliens for profit in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(1), 1324(a)(1)(A)(ii), and 1324(a)(1)(B)(i) and two counts of transportation of illegal aliens for profit in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i). *See* Doc. 17. Before the Court are the Government's Motion in Limine Regarding Mexican ID Cards ("Motion Re: Mexican ID Cards") (Doc. 67) and Motion in Limine Re: A-File Documents ("Motion Re: A-Files") (Doc. 69). Also before the Court is Defendant's Motion in Limine to Preclude Government's Fact Witness ("Motion Re: Fact Witness") (Doc. 75). For the following reasons, the Court will grant the Government's motions and deny Defendant's motion.

### I. Motion Re: Mexican ID Cards

The Government first seeks to admit "photos which include Mexican voter registration cards" for Antonio Rodriguez-Romero and Jennifer De La Cruz-Lino, material witnesses and aliens the Government alleges Defendant was transporting in this

case. *See* Doc. 67 at 1; Doc. 58. The ID Cards correspond to the witnesses' A-File documents discussed *infra*. The Government seeks to admit the ID cards to "make clear who defendant is being charged with transporting in each distinct count" and use the fact of possession of the cards purporting to be from Mexico to show connections between Defendant's passengers and Mexico. Doc. 67 at 1–2. The Government argues the ID cards are not hearsay, and they are otherwise admissible under the public records exception to the rule against hearsay. *See id.* Defendant did not respond to the Government's motion.

The Court will admit the ID cards for the Government's stated purposes as non-hearsay. The Government intends to use the ID cards to show the passengers' connection to other evidence and to Mexico. For those purposes, the ID cards are circumstantial evidence. *See United States v. May*, 622 F.2d 1000, 1007–08 (9th Cir. 1980) (finding apprehension data cards and photographs were properly admitted non-hearsay). So long as the Government does not offer the ID cards for the accuracy of the information contained on them, the ID cards are outside the rule against hearsay.

The Court will also admit the ID cards under the public records exception to the rule against hearsay, provided the Government's witness lays the proper foundation. Federal Rule of Evidence 803(8) governs the public records exception to the rule against hearsay. It provides, in relevant part, that a record or statement of a public office is admissible as nonhearsay if (1) it sets out "a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel" and (2) "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8). To satisfy the "legal duty to report" prong, a proponent need only establish that "the nature of the responsibilities assigned to the public agency are such that the record is appropriate to the function of the agency." *See United States v. Lopez*, 762 F.3d 852, 862 (9th Cir. 2014) (citing *United States v. Pintado-Isiordia*, 448 F.3d 1155, 1157 (9th Cir. 2006)). A driver's license is a public record. *See United States v. Cuesta*, 2007 WL 2729853,

at *15–16 (E.D. Cal Sept. 19, 2007). The Government has provided sufficient evidence that Mexico's INE is the public agency responsible for generating Mexican voter ID cards, *see* Doc. 67 at 2–3, and Defendant has not shown—nor attempted to show—that the IDs lack trustworthiness.[1]

**II.    Motion Re: A-Files**

The Government's Motion Re: A-Files seeks to introduce documents from the administrative files ("A-files") of alien material witnesses in this case. *See* Doc. 69 at 1. Specifically, the Government intends to admit I-213 and I-296 forms for Mr. Rodriguez-Romero and Ms. De La Cruz-Lino. *See id.* at 2.  Like the ID cards, the Government argues the A-files are admissible under Federal Rule of Evidence 803(8). *See id.* The Government further argues the A-files are non-testimonial and not subject to a confrontation clause challenge. *See id.* at 2.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." *United States v. Torralba-Mendia*, 784 F.3d 652, 665 (9th Cir. 2015); U.S. Const. Amend. VI. The Sixth Amendment "prohibits the introduction of testimonial statements by a nontestifying witness, unless the witness is unavailable to testify, and the defendant had a prior opportunity for cross-examination." *Ohio v. Clark*, 576 U.S. 237, 243 (2015) (internal citation and quotation omitted). A statement is testimonial "when it was made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Torralba-Mendia*, 784 F.3d at 665 (internal citation and quotation omitted). "[P]ublic records are normally non-testimonial because they are created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial." *Id*. at 665–66.

The Ninth Circuit has "repeatedly held that immigration documents contained in an alien's A-file are non-testimonial because they are not made in anticipation of

---

[1] Defendant has not objected to the admission of the ID cards on Confrontation Clause grounds, but the Court nonetheless finds there are no Confrontation Clause concerns because the ID cards do not involve a testimonial statement. *See United States v. Lopez-Moreno*, 420 F.3d 420, 436 (5th Cir. 2005).

- 3 -

1 litigation, and because they are simply a routine, objective cataloging of an unambiguous
2 factual matter." *Torralba-Mendia*, 784 F.3d at 666. Ninth Circuit precedent has identified
3 specific documents that are admissible under this standard. *See, e.g.*, *Torralba-Mendia*,
4 784 F.3d at 665 (holding I–213 forms were non-testimonial and admissible under Rule
5 803(8)); *Lopez*, 762 F.3d at 801 (holding Notice to Alien Ordered Removed/Departure
6 Verification (Form I–296) was non-testimonial); *United States v. Orozco–Acosta*,
7 607 F.3d 1156, 1164 (9th Cir.2010) (holding warrants of removal were nontestimonial).
8 When the forms are redacted to remove "any alien statements about their country of
9 origin, or any admission that they were in the United States illegally . . . there is no need
10 to determine if the aliens' statements qualify for a hearsay exception." *Torralba-Mendia*,
11 784 F.3d at 665.

12 Provided the Government lays the proper foundation, Mr. Rodriguez-Romero's
13 and Ms. De La Cruz-Lino's I-213 and I-296 forms are admissible pursuant to the public
14 records exception to the rule against hearsay. *See* Fed. R. Evid. 803(8); *Torralba-Mendia*,
15 784 F.3d at 664–65; *Lopez*, 762 F.3d at 860–63. The Government must, however, redact
16 all material witness statements and officer narration from the forms in accordance with
17 *Torralba-Mendia*. *Id*. After such redaction, and provided the Government lays the proper
18 foundation, the forms are admissible for the "ministerial, objective observation[s]"
19 contained therein. *Id.* at 664–65.

20 **III.   Motion Re: Fact Witness**

21 Defendant's Motion Re: Fact Witness asks the Court to "preclude the Government
22 from using . . . an immigration officer's testimony related to A-file documents and a
23 check of immigration databases." Doc. 75 at 1. Defendant objects to testimony
24 "regarding where the material witnesses were allegedly born" because that information
25 appears to have been gained from others, and Defendant did not have the opportunity to
26 cross-examine the material witnesses when the A-files and immigration databases were
27 created. *Id.* at 3. As established above, the A-file documents the Government seeks to
28 admit are admissible non-hearsay under the public records exception and do not implicate

the Confrontation Clause. Defendant argues testimony regarding the A-files is not relevant under Federal Rule of Evidence 401 and more prejudicial than probative under Rule 403, but he does not explain why. *See id.* at 1–2. This testimony is relevant because the Government must prove alienage as an element of the offense, and it is unclear how the introduction of public records directly related to an element of the offense could constitute unfair prejudice, confuse the issues, or mislead the jury. Accordingly, the Court will not prevent the Government's fact witnesses from testifying regarding the A-files at trial.

## IV.  Order

Accordingly,

**IT IS ORDERED granting** the Government's Motion in Limine Regarding Mexican ID Cards (Doc. 67) and Motion in Limine Re: A-File Documents (Doc. 69) consistent with the above Order.

**IT IS FURTHER ORDERED denying** Defendant's Motion in Limine to Preclude Government's Fact Witness (Doc. 75).

Dated this 27th day of August, 2025.

John C. Hinderaker
United States District Judge