**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Sandra Rettberg,<br><br>  Defendant. | No. CR-24-01485-001-TUC-JCH (JR)<br><br>**ORDER** |

Trial is set to begin on September 15, 2025. *See* Doc. 40. Defendant faces one count of conspiracy to transport illegal aliens for profit in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(1), 1324(a)(1)(A)(ii), and 1324(a)(1)(B)(i) and two counts of transportation of illegal aliens for profit in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i). *See* Doc. 17. Before the Court is Defendant's Motion in Limine to Preclude Government's Expert (Doc. 76). Defendant asks the Court to preclude Agent Christopher Smith, who "[t]he government wants to call . . . [as] an expert on the methodologies, strategies, and practices of alien smugglers and alien smuggling organizations" from testifying. Doc. 76 at 1. For the following reasons, the Court will deny the Motion.

**I.     Federal Rule of Evidence 401**

Defendant first argues that, under Federal Rule of Evidence 401, Agent Smith's testimony is not relevant and "will not help the trier of fact to understand the evidence nor to determine a fact in issue." Doc. 76 at 2. Under Rule 401, evidence is relevant if "it has

any tendency to make a fact more or less probable than it would be without the evidence [and] the fact is of consequence in determining the action." Relevance under Rule 401 is a low bar. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993) ("The Rules' basic standard of relevance is thus a liberal one."). Here, Defendant is charged with conspiracy to transport illegal aliens. The Government intends to have Agent Smith testify generally about how alien smuggling organizations ("ASOs") run and the different roles within ASOs. *See generally* Doc. 45. The Ninth Circuit has repeatedly held expert testimony of this nature to be relevant and admissible when a defendant is charged with conspiracy to transport illegal aliens. *See, e.g.*, *United States v. Mejia-Luna*, 562 F.3d 1215, 1219 (9th Cir. 2009) (upholding the admission of expert testimony on "how alien smuggling operations typically operate" because the testimony "assisted the jury in understanding alien smuggling schemes, their operational framework, and [Defendant's] particular role as a 'load' driver in the operation"); *United States v. Torralba-Mendia*, 784 F.3d 652, 663 (9th Cir. 2015) ("[T]he government charged [Defendant] with a conspiracy. Evidence about the smuggling organization's methods helped prove the existence of a conspiracy and put [Defendant's] actions in context."). Accordingly, Agent Smith's testimony is relevant.[1]

## II.   Federal Rules of Evidence 703 and 802

Defendant next argues Agent Smith's testimony will rely on hearsay and is thus inadmissible under Federal Rule of Evidence 802. Doc. 76 at 3. Under Rule 802, hearsay is not admissible unless, relevant here, another Rule of Evidence provides otherwise. Under Rule 703, "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." An expert may only disclose to the jury otherwise inadmissible evidence

---

[1] Defendant also argues Agent Smith's testimony is inadmissible under Rule 403 because "the probative value of the government's proposed expert's testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues and/or misleading the jury." Doc. 76 at 2. Defendant does not explain *why* the testimony is unfairly prejudicial, and given the status of the case law in the Ninth Circuit, it is unclear how this could be so. The expected testimony is not unfairly prejudicial, and the Court will not exercise its discretion to preclude it under Rule 403.

- 2 -

if that evidence is substantially more probative than prejudicial. Fed. R. Evid. 703. Hearsay and Confrontation Clause concerns are not implicated when an expert "appli[es] his training and experience to the sources before him and reach[es] an independent judgment." *United States v. Reyes Vera*, 770 F.3d 1232, 1237 (9th Cir. 2014) (alterations in original) (quoting *United States v. Gomez*, 725 F.3d 1121, 1129 (9th Cir. 2013)). In short, Agent Smith is entitled to rely on hearsay (and other admissible evidence) so long as he does not testify to the substance of that evidence. *See, e.g.*, *United States v. Copeland*, 291 F. App'x 94, 97 (9th Cir. 2008). The Government asserts Agent Smith "may rely on hearsay to form his opinion, but he will ultimately testify to an 'original product' and reach an independent judgment." Doc. 80 at 4. Agent Smith's testimony is admissible pursuant to these parameters.

### III. Federal Rule of Evidence 702

Defendant does not challenge Agent Smith's testimony under Federal Rule of Evidence 702. *See generally* Doc. 76. The Court is nonetheless required to, before admitting expert testimony into evidence, "perform a 'gatekeeping role' of ensuring that the testimony is both 'relevant' and 'reliable' under Rule 702." *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019). As established above, the Court finds the testimony is relevant. The Court has reviewed the Government's Notice of Expert Testimony (Doc. 45) and Supplement (Doc. 51) detailing Agent Smith's 15 years of experience with U.S. Border Patrol. During his tenure, Agent Smith "has participated in and led numerous alien smuggling investigations . . . . [and] coordinated surveillance operations, which led to arrests and seizures, as well as interrogations of violators and interviews of witnesses and informants." Doc. 45 at 7. Through this experience, Agent Smith has developed expertise in ASOs and their methods of operation. *Id; see, e.g.*, *United States v. Holguin*, 51 F.4th 841, 855 (9th Cir. 2022) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)) ("For some experts, 'the relevant reliability concerns may focus upon personal knowledge or experience.'"). Provided the Government lays the proper foundation, the Court expects it will find Agent Smith's testimony reliable

and helpful to the jury because it explains how alien smuggling organizations are typically structured and organized.

IV. **Order**

Accordingly,

**IT IS ORDERED denying** Defendant's Motion in Limine to Preclude Government's Expert (Doc. 76).

Dated this 4th day of September, 2025.

_____
John C. Hinderaker
United States District Judge