**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-01485-001-TUC-JCH (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Sandra Rettberg, | |
| Defendant. | |

On September 19, 2025, a jury found Defendant Sandra Rettberg guilty of one count of conspiracy to transport illegal aliens and two counts of transportation of illegal aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(1), (a)(1)(A)(ii), and (a)(1)(B)(i). Doc. 108. Before the Court is Defendant's objection to the Presentence Report's (PSR) recommendation of a sentencing enhancement under U.S.S.G. § 2L1.1(b)(6).[1] *See id.* At the sentencing on February 23, 2026, the Court overruled Defendant's objection with a written order to follow.

**I.    Sentencing Enhancement**

Defendant first objects to the PSR's assessment of a 6-level sentence enhancement under U.S.S.G. § 1L1.1(b)(6) for intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person. *See* Doc. 115 at 2.

///

///

---

[1] Defendant also objected to two portions of the PSR's description of the "offense conduct." The Court overruled those objections at sentencing.

**A. Legal Standard**

Under U.S.S.G. § 1L1.1(b)(6), "[i]f the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person, increase by 2 levels, but if the resulting offense level is less than level 18, increase to level 18." The application notes provide that § 1L1.1(b)(6) applies to "a wide variety of conduct" and gives as an example "transporting persons in the trunk . . . of a motor vehicle." *Id.* at cmt. 3. The application notes also contemplate that an enhancement under § 1L1.1(b)(6) could apply "solely on the basis of conduct related to fleeing from a law enforcement officer." *Id.*

The Ninth Circuit examined the application of what is now § 1L1.1(b)(6) in *United States v. Torres-Flores*, 502 F.3d 885 (9th Cir. 2007). There, in determining whether the enhancement applied, the court "focus[ed] on the ways in which the method of transporting the alien increased the risk of death or injury beyond that faced by a normal passenger traveling on our streets and highways." *Id.* at 889. The court also gave examples of ways the risk could be increased, including the driver driving in a reckless manner, the method of transportation increasing the risk of injury even in the absence of an accident, and the method of transportation increasing the risk that an accident would cause serious injury or death. *See id.* at 889–90. There, the Ninth Circuit reversed the district court's application of the enhancement, reasoning that the district court found only that the alien was at an increased risk of injury or death if an accident occurred. *Id.* at 890. Without finding that the defendant's behavior increased the risk of an accident occurring or that the alien was more at risk absent an accident, this finding was not sufficient to justify the enhancement. *Id.* In contrast, the Ninth Circuit noted its decision in *United States v. Hernandez-Guardo*, in which it found the enhancement did apply where the defendant was transporting aliens in "overloaded vans with passengers lying unrestrained on the floorboards." *See Torres-Flores*, 502 F.3d at 890 (citing *United States v. Hernandez-Guardo*, 228 F.3d 1017, 1027–28 (9th Cir. 2000)).

///

- 2 -

For an enhancement under § 1L1.1(b)(6) to apply, the Court must find that Defendant's conduct created a substantial risk of death or serious bodily injury by a preponderance of the evidence. *See United States v.* Lucas, 101 F.4th 1158, 1162 (9th Cir. 2024) (en banc) (a "preponderance of the evidence standard is sufficient to satisfy due process for fact finding" under the sentencing guidelines regardless of the impact on the sentence).

**B. Analysis**

Here, the sentencing enhancement under § 1L1.1(b)(6) applies because Defendant substantially increased the alien passengers' risk of serious injury or death in multiple ways. The Court heard the evidence presented at trial, reviewed the evidence in the docket, and finds the following facts:

When Border Patrol Agents (BPAs) tried to refer Defendant's truck to secondary inspection, instead of stopping, Defendant fled at a high rate of speed. BPAs immediately got into a marked patrol vehicle to pursue Defendant, but it took some time before they were able to catch up. When they did, they observed Defendant driving on the frontage road adjacent to I-19 where she made a sudden stop to allow the aliens to exit her truck. Defendant then drove off again at a high speed and was eventually stopped by a BPA who caught up to her truck on the frontage road. BPAs located three aliens hiding in bushes near the area where Defendant abruptly stopped her truck. Depositions of those aliens revealed that Defendant had concealed and transported three adults, crammed together in a prone position in the bed of her truck. These passengers were unrestrained, and enclosed by a hard, flat cover.

This conduct is like that referenced in the Guideline comments to § 1L1.1(b)(6) and given as examples by the Ninth Circuit of conduct that would warrant an enhancement. *See* U.S.S.G § 1L1.1(b)(6) cmt. 3; *Torres-Flores*, 502 F.3d 889–90. Unlike in *Torres-Flores*, the risk Defendant created here did not exist only if an accident were to occur. Defendant fled from the checkpoint at a high speed and came to an abrupt stop despite the unrestrained passengers in the truck bed. This reckless conduct both created an increased risk of an

accident and increased the risk that the passengers would have been injured even in the absence of an accident. This method of transportation is more akin to that considered in *Hernandez-Guardo*, where passengers were being transported lying down and unrestrained, which supported the application of the enhancement. Given these circumstances, the Court finds Defendant recklessly created a substantial risk of death or serious bodily injury to another person. The enhancement under § 1L1.1(b)(6) applies.

**II.     Order**

Accordingly,

**IT IS ORDERED** overruling Defendant's objection to the Presentence Report (Doc. 115). The sentencing enhancement for intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person applies.

Dated this 24th day of February, 2026.

John C. Hinderaker
United States District Judge

- 4 -