**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-24-01485-001-TUC-JCH (JR) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Sandra Rettberg, | |
| Defendant. | |

On September 19, 2025, a jury found Defendant Sandra Rettberg guilty of one count of conspiracy to transport illegal aliens and two counts of transportation of illegal aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and (a)(1)(A)(ii). Doc. 108. On February 24, 2026, the Court sentenced Defendant to 16 months in the Bureau of Prisons followed by one year of supervised release. Doc. 120. Defendant subsequently appealed her conviction and sentence (Doc. 127). Now before the Court is Defendant's Motion for Release Pending Appeal (Doc. 128). The Government did not respond. *See generally* Docket.

Under 18 U.S.C. § 3143(b), a court shall order that a defendant who has been found guilty and sentenced to a term of imprisonment be detained unless the judicial officer makes two findings: (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released"; and (2) "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal, an order for a new trial, a sentence that does not include a

term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

### 1. Flight Risk and Dangerousness to the Community

Whether Defendant is flight risk or danger to the community is not at issue here. As Defendant argues, the Presentence Report recommended Defendant be allowed to voluntarily surrender because she is "not viewed as a flight risk or a danger to the community." Doc. 116 at 18. The Court necessarily adopted this finding when it ordered Defendant to self-surrender. *See* Doc. 122. Accordingly, only the second prong is at issue.

### 2. Substantial Question

A substantial question is one that is "fairly debatable" or is "of more substance than would be necessary to a finding that it was not frivolous." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985). Defendant need not show she is likely to succeed on appeal to meet this threshold. *United States v. Garcia*, 340 F.3d 1013, 1020 n.5 (9th Cir. 2003) ("The defendant, in other words, need not, under *Handy*, present an appeal that will likely be successful, only a non-frivolous issue that, if decided in the defendant's favor, would likely result in reversal or could satisfy one of the other conditions.").

Still, Defendant has not shown her appeal raises a substantial question. Defendant's Motion for Release states that "[a]t sentencing one issue that was very important was whether a 6-level enhancement based on USSG § 2L1.1(b)(6) should apply or not" and describes each party's stance on the enhancement and the Court's ruling. Doc. 128 at 3–4. The Motion does not explain why the Court's application of the enhancement would be subject to a non-frivolous appellate challenge. *See United States v. Jones*, No. CR-22-01228-001-PHX-DWL, 2024 WL 69704, at *4 (D. Ariz. Jan. 5, 2024) (denying motion for release pending appeal where "the motion merely identifie[d] the issues Defendant may raise on appeal"). Because Defendant presented no arguments, she has not carried her burden.

Further, Defendant carries a heavy burden to have the Court's application of the sentencing enhancement reversed. The Ninth Circuit reviews the Court's factual findings

underlying a sentencing enhancement for clear error. *United States v. Smith*, 719 F.3d 1120, 1123 (9th Cir. 2013); *see also United States v. Bernardo*, 818 F.3d 983, 987 (9th Cir. 2016) (district court's finding that transporting an alien strapped inside a dashboard was dangerous not clearly erroneous). The Court explained in its written order why it found Defendant's conduct dangerous: Defendant transported three aliens in the bed of her truck enclosed by a hard, flat cover, fled from the checkpoint, and came to an abrupt stop despite the unrestrained passengers. Doc. 122 at 3–4. Further, the Court pointed to cases in which the Ninth Circuit had found similar conduct dangerous. *Id.* (citing *United States v. Hernandez-Guardo*, 228 F.3d 1017, 1027–28 (9th Cir. 2000)). Given the evidence in this case, it is unlikely Defendant will be able to raise a substantial question of whether the Court clearly errored in its factual finding that Defendant's conduct was dangerous.

Accordingly,

**IT IS ORDERED denying** Defendant's Motion for Release Pending Appeal (Doc. 128).

Dated this 27th day of March, 2026.

John C. Hinderaker
United States District Judge